UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jeff Panarello,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　-v-<br><br>Northwell Health, PJ & A (Perry Johnson and Associates, Inc.),<br><br>　　　　　　　　　　Defendants. | 2:24-cv-04220<br>(NJC) (SIL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is the renewed motion to proceed in forma pauperis ("IFP") filed by Plaintiff Jeff Panarello ("Panarello"), acting pro se, in relation to his Complaint alleging claims against Northwell Health ("Northwell") and PJ & A (Perry Johnson and Associates) ("PJ&A", and collectively "Defendants"). (Compl., ECF No. 1; IFP Mot., ECF No. 8.) Upon review of Panarello's submissions, the Court grants the IFP motion and dismisses the Complaint without prejudice as set forth below pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).

### BACKGROUND

Panarello is no stranger to this Court. This Complaint is Panarello's fourth IFP complaint filed since 2020,[1] and Panarello's two most recent cases were each sua sponte dismissed for lack

---

[1] *Panarello v. Bernbenich, et al.*, 2:22-cv-06565(KAM)(SIL) (IFP complaint sua sponte dismissed for lack of subject matter jurisdiction); *Panarello v. Ciano, et al.*, 2:21-cv-05621(KAM)(SIL) (same); *Panarello v. P.O. Kramer,* 2:20-CV-03281(SIL) (summary judgment motion pending).

of subject matter jurisdiction. (*See* 2:22-cv-006565, Elec. Order, Mar. 10, 2023; 2:21-cv-05621, Mem. & Order, ECF No. 7.)

I. **The Present Complaint**[2]

The handwritten Complaint is difficult to decipher. Panarello appears to take issue with two separate events: (1) the alleged failure of Northwell's technician to provide an x-ray shield to cover Panarello's groin area during a chest x-ray on May 9, 2024; and (2) the alleged disclosure of unspecified records maintained by Northwell due to a data breach. (Compl. at 2–3.) With regard to the first matter, Panarello describes that, in response to his request for an x-ray shield, the technician responded: "surely your not planning to have children!?" (*Id.* at 2.) As result, Panarallo alleges that "such slander should not be allowed" and asserts that the "slandrous accusation is completely hurtfull and unthinkable." (*Id.* at 2, 4.)

Panarallo alleges that PJ&A informed him of the data breach through a November 3, 2023 letter, a copy of which is included as part of the Complaint, which states: "[PJ&A] serves as a vendor to Northwell Health, Inc. . . . [and] provides certain transcription and dictation services to Northwell. In order to perform these services, PJ&A receives personal health information regarding Northwell patients." (*Id*. at 5.) According to the letter, "PJ&A became aware of a data security incident impacting our systems on May 2, 2023" and, after investigation, discovered the unauthorized disclosure of Panarello personal health information. (*Id*.) As a result, PJ&A offered to provide Panarello free Identity Restoration services from Experian for one-year, provided that he enrolled by February 20, 2024. (*Id.* at 6.) Panarello does not allege whether he enrolled in such services and, instead, questions how the data breach "will effect the

---

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation or grammar will not be corrected or noted.

2

plaintiffs case 20-cv-03281." (*Id.* at 4.)

The Complaint does not include a statement addressing the basis for this Court's subject matter jurisdiction, nor does it identify the claims Panarello seeks to pursue or the relief sought against Defendants. (*Id.*) Rather, Panarello requests only "that a response to this complaint be tendered as soon as possible." (*Id.* at 4.)

## LEGAL STANDARDS

### I.     In Forma Pauperis

Upon review of Panarello's renewed IFP motion, I find that Panarello is qualified by his financial status to commence this action without prepaying the filing fee. (IFP Mot., ECF No. 8.) Therefore, I grant the renewed motion to proceed IFP.

### II.    Sufficiency of the Pleadings

Under Section 1915 of Title 28, a district court must dismiss an IFP complaint if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(i–iii). The court "shall" dismiss the action as soon as it makes such a determination. *Id.*

At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), aff'd 569 U.S. 108 (2013). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Thus, the court must construe the pleadings of a pro se plaintiff liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

3

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023), *cert. denied*, No. 23-642, 2024 WL 3089546 (U.S. June 24, 2024). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Cuoco*, 222 F.3d at 112.

In addition, Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "must contain . . . a short and plain statement of the grounds for the court's jurisdiction" and "of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(1)-(2), (d)(1). In addition, Rule 8 requires that a complaint include "a demand for the relief sought, which may include

4

relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Essentially, Rule 8 ensures a complaint provides a defendant with sufficient notice of the claims against it. *See id*. "When a complaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Notwithstanding the latitude afforded to pro se litigants, pro se litigants are "not excused from complying with the Federal Rules of Civil Procedure." *Gunter v. Carrion*, No. 09-CV-281, 2009 WL 10709657, at *1 (E.D.N.Y. Oct. 20, 2009) (alterations omitted); *see also Carl v. City of Yonkers*, No. 04-CV-7031, 2008 WL 5272722, at *5 (S.D.N.Y. Dec. 18, 2008) ("[T]he cases are legion that pro se status does not excuse a failure to follow clearly-enacted rules of court." (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995); *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995))). Similarly, "[w]hile the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest, a pro se plaintiff still bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Logan v. Town of Windsor*, 833 F. App'x 919, 920 (2d Cir. 2021) (citing *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) and *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019)).

## DISCUSSION

### I.  Subject Matter Jurisdiction

District courts have an "independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *In re Tronox Inc.*, 855 F.3d 84, 95 (2d Cir. 2017)

5

(quotation marks omitted) (quoting *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006)). Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *see also Lussier*, 211 F.3d at 700–01. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Searles v. Robert*, No. 21-2836, 2023 WL 7271832, at *1 (2d Cir. Nov. 3, 2023) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

Although the Complaint is unclear, it appears that Panarello seeks to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332 ("Section 1331") because the Complaint, liberally construed, alleges state law defamation and negligence claims. The first requirement of diversity jurisdiction—that there is complete diversity of citizenship between the plaintiff and the defendants—means that a plaintiff cannot be a citizen of the same state as any of the defendants. *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). In determining diversity jurisdiction, "a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). An individual's citizenship depends on their domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

Although the Complaint alleges that Panarello has an address in Commack, New York, it does not allege the state of incorporation or state of the principal place of business for either Northwell or PJ&A. (*See* Compl.) I therefore find that Panarello has not established that the

6

parties are completely diverse as required for this Court to exercise jurisdiction under Section 1332.³

The second requirement is that the amount of money in controversy between the parties exceeds $75,000. *See* 28 U.S.C. § 1332(a). Given that the Complaint does not include *any* a demand for relief—whether money damages or something else—the Complaint fails to allege that the amount in controversy exceeds $75,000. For these reasons, the second requirement for diversity jurisdiction is not satisfied either.

The Complaint also fails to include any factual allegations that, liberally construed, reasonably invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331 ("Section 1331"). Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* Even construed in the most favorable light to Panarello, the Complaint fails to allege any violations of federal law. Indeed, Panarello's only claims, for defamation and negligence, are purely state law claims that do not raise a federal question. *See Logan*, 833 F. App'x at 920 (affirming dismissal for lack of subject matter jurisdiction where "[t]he complaint relied on no provision of federal law and instead sought relief only for claims of negligence and defamation, both of which are common-law torts governed by state law").

Given the lack of subject matter jurisdiction, I cannot adjudicate this Complaint and it is thus dismissed without prejudice pursuant to Rule 12(h)(3), Fed. R. Civ. P.

---

³ It is doubtful that complete diversity exists. Other courts have found that "Northwell is a New York not-for-profit corporation. . . ." *Northwell Health, Inc. v. Northwell Staffing Agency, LLC*, No. 17-CV-1611, 2018 WL 1525803, at *1 (E.D.N.Y. Mar. 1, 2018), *R. & R. adopted*, No. 17-CV-1611, 2018 WL 1525698 (E.D.N.Y. Mar. 28, 2018); *see also Northwell Health, Inc. v. Lexington Ins. Co.*, 550 F. Supp.3d 108, 111 (S.D.N.Y. 2021) (describing Northwell as "a large, New York-based healthcare provider . . . .").

## II.     Notice Pleading

Even if the Complaint had sufficiently invoked this Court's subject matter jurisdiction, it would not have meet the minimal notice pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Indeed, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* In other words, a complaint must, at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Riles v. Semple*, 763 F. App'x 32, 34 (2d Cir. 2019) (quotation marks omitted) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)). As is readily apparent, the Complaint does not provide the level of notice about Panarello's claims or the relief sought that pro se litigants must offer defendants, even under the liberal reading that is extended to pro se litigants at this stage of the proceedings. *See*, *e.g.*, *Mann v. Laroque*, No. 23-CV-8237, 2024 WL 640078, at *4 (E.D.N.Y. Feb. 15, 2024) (sua sponte dismissing the pro se complaint because the complaint's "vague and scant allegations do not provide defendants with fair notice or demonstrate that plaintiff is entitled to relief"). Thus, the Complaint does not comply with Rule 8 and fails to state a claim upon which relief may be granted. Accordingly, the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(2).

## III.    Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Leave to amend is not required, however, where it would be futile. *See Hill v.*

8

*Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011).

Here, in an abundance of caution, I grant Panarello leave to file an amended complaint in accordance with the guidance set forth above. To be clear, any amended complaint shall identify the nature and factual basis of the claims against each Defendant, the relief sought, and the basis to invoke this Court's subject matter jurisdiction. The Complaint must include factual allegations from which the Court could reasonably find that the diversity of citizenship requirement is met or that Panarello's claims arise under a federal law.

**Should Panarello choose to amend the Complaint, the amended complaint must: (1) clearly be labeled "Amended Complaint"; (2) bear the same docket number as this Memorandum and Order, 2:24-cv-04220 (NJC) (SIL); and (3) be filed within thirty (30) days from the date of this Memorandum and Order. I caution Panarello that judgment shall enter and this case will be closed unless he timely files an amended complaint.** Alternatively, Panarello may pursue any valid claims against Defendants in state court.

## CONCLUSION

For the reasons stated above, I grant Panarello's renewed motion to proceed IFP (ECF No. 8) and dismiss the Complaint (ECF No. 1) without prejudice pursuant to Rule 12(h)(3), Fed. R. Civ. P., and 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). In an abundance of caution and in light of Panarello's pro se status, I grant Panarello leave to file an amended complaint within thirty (30) days from the date of this Memorandum and Order. I caution Panarello that judgment shall enter and this case will be closed unless he timely files an amended complaint.

The Clerk of the Court shall mail a copy of this Order to Panarello at his address of record and note such mailing on the docket.

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.                                                                          */s/ Hon. Nusrat J. Choudhury*
                                                                              NUSRAT J. CHOUDHURY
Dated:       Central Islip, New York                     United States District Judge
               July 25, 2024