UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jeff Panarello,<br><br>         Plaintiff,<br>     -v-<br><br>Northwell Health, PJ & A (Perry Johnson and Associates, Inc.),<br><br>         Defendants. | 2:24-cv-4220<br>(NJC) (SIL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is the Amended Complaint filed by Plaintiff Jeff Panarello ("Panarello"), acting *pro se*, in response to the Court's July 25, 2024 Memorandum and Order, which granted Panarello's application to proceed *in forma pauperis* ("IFP") and dismissed without prejudice the original Complaint in this action under Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). (Am. Compl., ECF No. 29; Mem. & Order, ECF No. 11.) Having granted Panarello's IFP application, the Court has screened the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and finds that the Amended Complaint does not properly invoke this Court's subject matter jurisdiction and fails to allege a plausible claim for relief. Accordingly, the Amended Complaint is dismissed without prejudice pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and 28 U.S.C. §§ 1915(e)(2)(B)(ii) for the reasons set forth below.

## BACKGROUND

This Court noted in its July 25, 2024 Memorandum and Order that "Panarello is no stranger to this Court." (Mem. & Order at 1, ECF No. 11.) The present complaint is Panarello's

1

fourth IFP complaint filed since 2020[1] and Panarello's two most recent cases were each sua sponte dismissed for lack of subject matter jurisdiction. (Mem. & Order 1–2 (citing Elec. Order, *Panarello v. Bernbenich, et al*, No. 2:22-cv-6565 (E.D.N.Y. Mar. 10, 2023); Order, *Panarello v. Ciano, et al.*, No. 2:21-cv-05621 (E.D.N.Y. Dec. 6, 2021), ECF No. 7).)

In dismissing the original Complaint in this action against Northwell Health and Perry Johnson and Associates, Inc. ("PJ & A"), the Court discerned that Panarello took "issue with two separate events: (1) the alleged failure of Northwell's technician to provide an x-ray shield to cover Panarello's groin area during a chest x-ray on May 9, 2024; and (2) the alleged disclosure of unspecified records maintained by Northwell due to a data breach." (Mem. & Order at 2; Compl. at 2–3, ECF No. 1.) The Court noted the Complaint did not contain a statement addressing the basis for the Court's subject matter jurisdiction, nor did it identify Panarello's claims or the relief sought against Northwell Health and PJ & A. (Mem. & Order at 3; Compl. at 4.) Rather, the Complaint requested only "that a response to this complaint be tendered as soon as possible." (Mem & Order at 3; Compl. at 4.)

Even upon a liberal read of the *pro se* Complaint, the Court could not reasonably construe a basis to invoke this Court's subject matter jurisdiction. (Mem. & Order at 5–7.) Nor did the Complaint comport with the minimal notice pleading requirement of Rule 8 of the Federal Rules of Civil Procedure. (*Id.* at 8.) In dismissing the Complaint without prejudice for

---

[1] *See* Elec. Order, *Panarello v. Bernbenich, et al.*, No. 2:22-cv-6565 (E.D.N.Y. Mar. 10, 2023) (IFP complaint sua sponte dismissed for lack of subject matter jurisdiction); Order, *Panarello v. Ciano, et al.*, No. 2:21-cv-5621 E.D.N.Y. (Dec. 6, 2021), ECF No. 7 (IFP complaint sua sponte dismissed for lack of subject matter jurisdiction); Order, *Panarello v. P.O. Kramer*, No. 2:20-cv-3281 (E.D.N.Y. Sept. 5, 2024), ECF No. 398 (IFP complaint dismissed and defendant's summary judgment motion granted).

both of these reasons, the Court clearly set forth the requirements of 28 U.S.C. §§ 1331 and 1332 as well as Rule 8 of the Federal Rules of Civil Procedure and granted Panarello leave to file an amended complaint in accordance with guidance the Court set out. (*Id.* at 9.) The Court stated:

> any amended complaint shall identify the nature and factual basis of the claims against each Defendant, the relief sought, and the basis to invoke this Court's subject matter jurisdiction. The Complaint must include factual allegations from which the Court could reasonably find that the diversity of citizenship requirement is met or that Panarello's claims arise under a federal law.

(*Id.*)

I.      **The Amended Complaint**[2]

The seven-page handwritten Amended Complaint omits a caption, does not identify who Panarello intends to sue, and is difficult to decipher and to comprehend. (Am. Compl.) Like the original Complaint, Panarello alleges claims stemming from: (1) the conduct of a Northwell Health technician during a chest x-ray of Panarello; and (2) the alleged disclosure of unspecified records maintained by Northwell Health and PJ & A due to a data breach. (*Id.* at 1–3.) In addition, the Amended Complaint also alleges that Northwell Health placed Panarello on a suicide watch for seven days even though he claims he was not suicidal and that Suffolk County police officers illegally entered his apartment, assaulted him, and brought him to S.U.N.Y. Stony Brook Hospital "just after the Northwell Health Illegal Holding in April–May 2020." (*Id.* at 2–5 (emphasis in original).)

Panarello largely repeats the allegations from the original Complaint in the Amended Complaint with regard to the circumstances surrounding his May 2024 chest x-ray. (*Compare*

---

[2] Excerpts from the Amended Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, or grammar will not be corrected or noted.

Compl. at 2–4 *with* Am. Compl. at 1–3.) The Amended Complaint, however, alleges that he is "a disabled man who is federally protected from being abused either mentally or physically by anyone" and that the x-ray's technician allegedly objected to providing him with a groin shield because she allegedly said, "your not planning to have kids are you," and was "mentally abusive." (*Id*. at 1–2 (emphasis in original).)

Concerning the data breach, Panarallo alleges that Northwell Health and PJ & A "leaked plaintiffs personal health data circa April 7, 2023–April 19, 2023 (see letter)."[3] (*Id.* at 2.) According to the Amended Complaint, "[t]his is a federal question as to where that data went across state lines." (*Id.* at 3 (emphasis in original).) Panarello claims that "[t]his data leak is Northwell Health and PJ & A's negligence" and "Northwell's illegal acts against a federally protected population (i.e., the plaintiff) . . . has already yielded damaging results." (*Id.* (emphasis in original).)[4]

With regard to Panarello's allegations concerning his detention by Northwell Health for seven days on suicide watch, Panarello claims that "[w]hile there he was never allowed to bathe" and was repeatedly asked if he wanted to harm himself or to die, to which "[e]very single time he said no." (*Id.* at 2 (emphasis in original).) As a result, Panarello asserts that "this was mentally abusive against a disabled man who is federally protected, causing loss of dignity." (*Id.* (emphasis in original).) Further, Panarello claims that Suffolk County police officers illegally entered his apartment and assaulted him, citing his now closed case against a Suffolk County

---

[3] Annexed to the Amended Complaint is a copy of the first page of the same November 3, 2023 letter from PJ & A that Panarello included with the original Complaint. (Am. Compl. at 8.) The original Complaint, however, included all three pages of that letter. (Compl. at 5–7.)

[4] In this regard, Panarello surmises that an individual at Orthopedic Spine Care must have had access to the leaked data as evidenced by the individual's alleged statement, "we all heard you were dead." (*Id.* at 3.)

4

police officer stemming from that incident. (*Id*. at 4–5 (citing Order, *Panarello v. P.O. Kramer*, No. 2:20-cv-3281 (E.D.N.Y. Sept. 5, 2024), ECF No. 398 (granting defendant police officer's motion for summary judgment)).)

As noted above, the Amended Complaint does not identify the intended defendants, nor does it include a statement of the basis upon which Panarello seeks to invoke this Court's subject matter jurisdiction or the claims Panarello seeks to pursue. Further, the only relief Panarello seeks is "<u>to clear his name</u>." (*Id*. at 7 (emphasis in original).)

## LEGAL STANDARDS

### I.     Sufficiency of the Pleadings

A district court must dismiss an IFP complaint or amended complaint if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the pleading. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted). "Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam), *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995)) (internal

5

citations and quotation marks omitted).

## DISCUSSION

### I. Subject Matter Jurisdiction

If a district court determines that it lacks jurisdiction over a matter, it must use its inherent power to dismiss a case sua sponte. Fed. R. Civ. P. 12(h)(3). Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Searles v. Robert*, No. 21-cv-2836, 2023 WL 7271832, at *1 (2d Cir. Nov. 3, 2023) (quoting *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000)). This Court has an "independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *In re Tronox Inc.*, 855 F.3d 84, 95 (2d Cir. 2017) (quoting *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006)).

Although the Amended Complaint does not identify any defendants or allege a basis to invoke this Court's subject matter jurisdiction or the nature of the intended claims, the Court liberally construes the Amended Complaint as against Northwell and PJ & A, the same defendants as the original Complaint, and as against Suffolk County (collectively, "Defendants").

To the extent that Panarello seeks to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332 by purporting to allege state law defamation and negligence claims, neither statutory requirement is met. The first requirement of diversity jurisdiction—that there is complete diversity of citizenship between the plaintiff and the defendants—means that a plaintiff cannot be a citizen of the same state as any of the defendants. *See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (citing *Owen Equipment &*

6

*Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). In determining diversity jurisdiction, "a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). An individual party's citizenship depends on its domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

Although the Amended Complaint does not allege Panarello's address or state of citizenship or domicile, his address of record is in Commack, New York. Panarello has not provided the state of incorporation or state of the principal place of business for any of the Defendants. However, given that Defendant Suffolk County is known to be a municipality located in New York, Panarello has not established that the diversity of citizenship requirement is met under 28 U.S.C. § 1332.[5]

The second requirement of diversity subject matter jurisdiction is that the claim for money damages, which is called the amount in controversy, must be for more than $75,000. *See* 28 U.S.C. § 1332(a). Given that Panarello has not included a demand for relief in the Amended Complaint, he has not alleged that the amount in controversy exceeds $75,000. Thus, this requirement is not met either.

Panarello has also not included factual allegations such that, upon a liberal construction,

---

[5] Of note, "Northwell is a New York not-for-profit corporation . . . ." *Northwell Health, Inc. v. Northwell Staffing Agency, LLC*, No. 17-cv-1611, 2018 WL 1525803, at *1 (E.D.N.Y. Mar. 1, 2018), *report and recommendation adopted*, No. 17-cv-1611, 2018 WL 1525698 (E.D.N.Y. Mar. 28, 2018); *see also Northwell Health, Inc. v. Lexington Ins. Co.*, 550 F. Supp.3d 108, 111 (S.D.N.Y. 2021) ("Northwell Health, Inc. ('Northwell') is a large, New York-based healthcare provider . . . ."). Thus, even if Suffolk County is not an intended defendant, it is dubious there is complete diversity between Panarello and the Defendants in this action.

7

this Court could reasonably invoke its federal question jurisdiction under 28 U.S.C. § 1331. That section provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Even construing the Amended Complaint in the most favorable light, Panarello does not allege a legitimate claim under a federal law. Indeed, defamation and negligence are purely state law claims that do not raise a federal question. *Logan, 8 v. Town of Windsor*, 33 F. App'x 919, 920 (2d Cir. 2021) (affirming dismissal for lack of subject matter jurisdiction where "[t]he complaint relied on no provision of federal law and instead sought relief only for claims of negligence and defamation, both of which are common-law torts governed by state law").

Given the lack of subject matter jurisdiction, the Court cannot adjudicate this Amended Complaint and it is thus dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

## II.     Notice Pleading

Even if the Amended Complaint had sufficiently invoked this Court's subject matter jurisdiction, it does not meet the minimal notice pleading requirements of Federal Rule of Civil Procedure 8 either.

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Conn. Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 2682 (2024). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of

8

truth." *Iqbal*, 556 U.S. at 678–79. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Rule 8, Fed. R. Civ. P., provides, in relevant part, that a complaint "must contain . . . a short and plain statement of the grounds for the court's jurisdiction" and "of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(1)–(2), (d)(1). In addition, Rule 8 requires that a complaint include "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against it. *See generally* Fed. R. Civ. P. 8; *see also Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Indeed, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678. In other words, a complaint must, at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Riles v. Semple*, 763 F. App'x 32, 34 (2d Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)).

"When a complaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (summary order) (alteration in original) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

As is readily apparent, the complaint does not provide the level of notice about

9

Panarello's claims or the relief sought that *pro se* litigants must offer defendants, even under the liberal reading that is required at this stage of the proceedings. *See, e.g.*, *Mann v. Laroque*, No. 23-cv-8237, 2024 WL 640078, at *4 (E.D.N.Y. Feb. 15, 2024) (finding plaintiff's "vague and scant allegations do not provide [d]efendants with fair notice or demonstrate that [p]laintiff is entitled to relie[f]" and dismissing the *pro se* complaint sua sponte). Thus, Panarello has not complied with Rule 8 and his Amended Complaint, like the original Complaint, fails to state a claim upon which relief may be granted. Accordingly, the Amended Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.   Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (citation omitted). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

Here, Panarello was already granted leave to file an amended complaint in accordance with the clear guidance this Court set forth in the July 25, 2024 Memorandum and Order. Panarello has not cured any of the deficiencies the Court identified, nor does he attempt to satisfy the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Further, Panarello has fully and fairly litigated his claims arising from the circumstances alleged in the Amended Complaint concerning Suffolk County in *Panarello v. P.O. Kramer*, No. 2:20-cv-3281 (E.D.N.Y.).

"Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is

10

to see that these resources are allocated in a way that promotes the interests of justice." *See In re McDonald*, 489 U.S. 180, 184 (1989); *see also Zaerpour v. Bank of America, et al.*, No. 23-cv-845, 2024 WL 2069555, at *2 (2d Cir. May 9, 2024) (affirming the district court's dismissal of a frivolous *pro se* complaint without leave to amend noting the plaintiff had "various other opportunities to replead that [plaintiff] received by virtue of his three prior lawsuits"). Given that Panarello has ignored the Court's guidance with regard to the minimal pleading requirements and substantive deficiencies in his claims, leave to file a second amended complaint here would be futile and is thus denied.

## CONCLUSION

For the reasons stated above, Panarello's Amended Complaint (Am. Compl., ECF No. 29) is dismissed without prejudice pursuant to Rule 12(h)(3), Fed. R. Civ. P., and 28 U.S.C. §§ 1915(e)(2)(B)(ii). Leave to further amend the complaint is denied.

The Clerk of the Court shall enter judgment accordingly and shall mail a copy of this Order to Panarello at his address of record and note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
December 9, 2024

                                             */s/ Nusrat J. Choudhury*
                                             NUSRAT J. CHOUDHURY
                                             United States District Judge